RECEIVED
03/20/2025
KELLY L. STEPHENS, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Case Number: __24-4035 (GSA)__

Case Name: __John Koe v. University Hospitals Health Systems, Inc.__

Name: __John Koe, a pseudonym (l/k/a/ Nicholas Krudy)__

Address: __PO Box 527__

City: __Novelty__  State: __OH__  Zip Code: __44072-0527__

Email: __john@johnkoe.org__

## PRO SE APPELLANT'S BRIEF

## ORAL ARGUMENT REQUESTED

1. Did the District Court incorrectly decide the facts? **Not applicable.**

   The District Court did not have the occasion to decide the facts in this case as it refused to re-open the case and permit the filing of an amended complaint after the Sixth Circuit in Case No. 22-3952 affirmed dismissal only of the initially filed complaint without prejudice on alternate procedural grounds under Rule 10(a).

2. Do you think the District Court applied the wrong law? **Not applicable.** If so, what law do you want applied?

-1-

Leave to amend a complaint must be granted "when justice so requires." Fed. Rule Civ. Proc. 15(a)(2).

3. Do you feel that there are any other reasons why the District Court's judgment was wrong? **Yes.**

---

This appeal by plaintiff John Koe (a pseudonym), legally known as Nicholas Krudy (hereinafter "Krudy") is taken from the final decision(s) of the district court to refuse to re-open the case and give leave to file an amended complaint in his legal name. (Order Refusing to Reopen Case and Permit Amended Complaint, RE 26, Page ID 170). An amended notice of appeal was filed on March 18, 2025 to include the district court's denial of a motion to reconsider that decision with the benefit of Krudy's proposed amended complaint. (Order Declining to Reconsider, RE 29, PageID 199); (Motion for Reconsideration, RE 28, Page ID 173-176). (Proposed Amended Complaint, RE 28-1, Page ID 177-198). These orders of the district court leave no doubt that they are final.

The Sixth Circuit's decision affirmed only the "dismissal of [the] complaint without prejudice" to refiling, not the involuntary dismissal of this action. See *Koe v. University Hospitals Health Sys., Inc., et al.,* No. 22-

3952, at *5 (6th Cir. Mar. 8, 2024). Essential to the decision to affirm the dismissal of the complaint (only) was that was said to be "harmless error" under 28 U.S.C. § 2111 in that it had no "effect on the substantial rights of the parties." *Id.* The district court's decision refusing to re-open the action and permit the filing of an amended complaint carries harm and effect on the rights of parties, (1) leaving Krudy unable to file a new action within the statute of limitations; and thus (2) granting UH a defense under e.g. Fed. R. Civ. P. 8(c)(1). "Relation back" under Rule 15 "is intimately connected with the policy of the statute of limitations." *Fed. R. Civ. P. 15 advisory committee note (1966)*. Relation back under Rule 15 is intended to insure against forfeiture and injustice due to defects of form. While "[the] relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c)", "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." *Id.* An amended pleading in this action would relate back under Rule 15 to the initial complaint Plaintiff filed on August 15,2022. The policy of the statute limiting the time for suit against UH would not be offended by allowing Plaintiff to file an amended pleading. Prior to the district court's October 13, 2022 dismissal, UH appeared and submitted filings in the action. UH has always been aware that Krudy was bringing

suit against them despite his filing of the initial complaint using the pseudonym John Koe. UH subsequently participated in the appeal from the dismissal. *John Koe v. University Hospitals Health Systems, Inc.*, et al, Case No. 22-3952, (6th Cir.).

Rule 15 "concerns amended pleadings, not new pleadings in separate actions." *Marcoux v. Shell*, 524 F.3d 33,41 (1st Cir. 2008). The Sixth Circuit has "rejected the argument that the initial complaint in a new [action] can 'relate back' to another complaint in a dismissed [action]" under Rule 15. *Watkins v. Stephenson*, 57 F.4th 576, 580 (6th Cir. 2023) (citing cases). The district court's refusal to re-open or re-instate the action only serves to ensure that relation back under Rule 15 would be precluded. "To deny relation back is to defeat unjustly the claimant's opportunity to prove his case." *Fed. R. Civ. P. 15 advisory committee note (1966)*. Accordingly, the district court's denying leave to file an amended pleading in this action—that would relate back under Rule 15(c)(1)—would unjustly deny Plaintiff an opportunity to have his claims adjudicated in a proper decision on the merits. Under Rule 15, the Court "should freely give leave when justice so requires." Justice requires it here. The district court's refusal to re-open the case and give leave is an abuse of discretion. The district court's refusal to re-open the case and give leave precludes relation back and in effect

ensures that Krudy's (potentially) meritorious federal employment discrimination claims will not be heard on the merits.

Fed. R. Civ. P. "Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 276 (2010). The final judgment dismissing Krudy's claims pursuant to 28 U.S.C. § 1915(e) (Judgment, RE 8, Page ID 102) is void in the meaning of Rule 60(b)(4). Citing its authority under 28 U.S.C. § 1915(e), the district court entered its final judgment, (Judgment, RE 8, PageID 102), sua sponte without prior notice and opportunity to be heard. This is the sort of "violation of due process that would render the Judgment void for purposes of Rule 60(b)(4)" under the criteria for Rule 60(b)(4) relief identified by the Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The judgment reflects the sort of "jurisdictional defect [....] that would render the Judgment void for the purposes of Rule 60(b)(4). Id. That is because: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

The district court's final judgment cited authority under 28 U.S.C. § 1915(e) and was predicated on its order determining and declaring that it lacked jurisdiction, (Dismissal Order, RE 7, Page ID 100-101). The District Court's declaration that it lacked jurisdiction and sua sponte dismissal of the case was by definition a disavowal of power to adjudicate the claims. However, it is beyond dispute that the district court has jurisdiction to hear Krudy's federal employment discrimination and retaliation claims brought under Title VII, the Americans with Disabilities Act as amended, and the Genetic Information Non-Discrimination Act. There is a "starting presumption that when jurisdiction is conferred, a court may not decline to exercise it." *Union Pac. R.R. Co. v. Bhd. Eng'rs*, 558 U.S. 67, 71 (2009); *Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (the courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."). In other words, it is the responsibility of a district court to ensure that parties who are properly before it are heard and afforded a just and coherent answer to their claims. Krudy has been seeking, continues to pursue, and is entitled to a full and fair opportunity to litigate his federal employment discrimination and retaliation claims, and the district court has jurisdiction to hear those claims and decide them on the merits.

If Rule 60(b)(4) is inapplicable above, Rule 60(b)(6)'s which permits relief for "any other reason" including because justice so requires would permit relief in accordance with the purpose of the Fed. R. Civ. P. including "relation back" under Rule 15, namely allowing a hearing on the merits.

4. What specific issues do you wish to raise on appeal?

Did the district court err in refusing to re-open the case and refusing to permit Krudy file his amended complaint in legal name thus curing the pleading or caption defect under Rule 10(a)?

5. What action do you want the Court of Appeals to take in this case?

Reverse the district court and remand with instructions that the case be re-opened and Krudy be given leave to file his amended complaint so that his claims may be decided on the merits.

I certify that a copy of this brief was filed with the Court and sent to opposing counsel via electronic mail on the 20th day of March, 2025.

Signature

_____

John Koe (l/k/a Nicholas Krudy)

Plaintiff-Appellant, for himself