**Case No. 24-4035, 25-3196**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

JOHN KOE,

Plaintiff-Appellant,

v.

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.

Defendants-Appellees.

---

On Appeal From The United States District Court for the Northern District of Ohio
Case No. 1:22-cv-01455, Judge Daniel A. Polster

---

**APPELLEES' BRIEF**

---

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East
Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dcampbell@grsm.com
dslezak@grsm.com

*Attorneys for Appellees*

1

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ORAL ARGUMENT ...................................................................7

I.  STATEMENT OF JURISDICTION ....................................................7

II.  STATEMENT OF ISSUES .................................................................7

III.  STATEMENT OF THE CASE .............................................................8

    A.  This Court Affirmed Judge Polster's Dismissal Of Appellant's Complaint, And This Matter Has Been Closed Since May, 2024. ....................................................................12

    B.  Months Following This Order, Appellant Filed Several Frivolous And Duplicative Motions Seeking To Reopen This Case, Knowing That His Claims Were Time-Barred. .......14

    C.  The Appeal And Appellant's Brief. ...........................................18

IV.  SUMMARY OF THE ARGUMENT .................................................19

V.  ARGUMENT .....................................................................................22

    A.  Standard Of Review. ..................................................................22

    B.  The Appeal Is Untimely. ............................................................23

    C.  The Appeal Also Fails On The Merits. .......................................23

        1.  The September 2024 Order Was Proper. ........................23

            a.  The Motion To Amend Was Properly Denied. .....24

            b.  The Second Motion For Relief Was Properly Denied. ................................................................27

        2.  The October 2024 Order Was Proper. ............................29

            a.  The Motion To Reopen Was Properly Denied.....30

    D.  The Dismissed Appeal Is Not At Issue. .....................................31

VI.  CONCLUSION ..................................................................................33

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple v. Glenn*,
   183 F.3d 477 (6th Cir. 1999) ...........................................................10, 14, 25, 29

*Argo Wealth Management, Inc. v. Brenner, et al.*,
   No. 23-3585, 2024 WL 5321250 (6th Cir. Aug. 6, 2024)...........................25, 26

*Bragg v. Flint Bd. of Educ.*,
   570 F.3d 775 (6th Cir. 2009) ...............................................................27

*Demsey v. Demsey*,
   No. 1:09-cv-503, 2010 WL 2010963.....................................................25

*Flick v. U.S. Bureau of Prisons*,
   779 F.2d 50 (6th Cir. 1985) .................................................................22

*Hendricks v. Kasich*,
   No. 2:12-cv-729, 2016 WL 1019259 (S.D. Ohio Mar. 15, 2016).....................30

*Hill v. Banks*,
   85 Fed. Appx. 432 (6th Cir. 2003)........................................................22

*John Koe v. University Hospitals Health System, Inc.*,
   No. 1:24-cv-00024 .........................................................................10

*John Koe v. University Hospitals Health Systems, Inc., et al.*,
   No. 22-3952 ...............................................................................13

*Kalamazoo River Study Group v. Rockwell Intern. Corp.*,
   355 F.3d 574 (6th Cir. 2004)...............................................................30

*Kinan v. Cohen*,
   268 F.3d 27 (1st Cir. 2001).............................................................22, 30

*Koe v. University Hospitals Health System, Inc et al.*,
   No. 25-3196 ...............................................................................11

*McKeever v. Mortgage Electronic Registration Systems, Inc.*,
    651 Fed. Appx. 329 (6th Cir. 2016) .................................................. 19, 23

*Nicholas Krudy, MC v. University Hospitals Health System, Inc.*,
    No. CV-25-112548 ................................................................................ 8

*Pittman v. Experian Info. Solutions, Inc.*,
    901 F.3d 619. (6th Cir. 2018) ............................................................ 22

*Post v. Bradshaw*,
    422 F.3d 419 (6th Cir. 2005) ............................................................. 28

*Taylor v. Nashville Glass Plant-Ford Visteon*,
    No. 3:02-cv-0289, 2006 WL 2368737 (M.D. Tenn. Aug. 14, 2006) .......... 22, 30

*Thompson v. Esham*,
    No. 1:15-cv-553, 2018 WL 1531928 (S.D. Ohio Feb. 6, 2018) .................. 20, 24

*University Hospitals Cleveland Medical Center v. Nicholas Dr.*
    *Krudy, United States District Court for the Northern District of*
    *Ohio No. 1:25-cv-00339* ...................................................................... 9

**Statutes**

28 U.S.C. § 1291 ...................................................................................... 7

42 U.S.C. § 2000e-5(f) ............................................................................. 26

42 U.S.C. § 12117(a) ............................................................................... 26

O.R.C. § 4112 ......................................................................................... 26

O.R.C. § 4112.052(C)(1) .......................................................................... 26

**Rules**

Fed. R. Civ. P. 10(a) ........................................................................... 10, 13, 18

Fed. R. Civ. P. 15 ............................................................................... 19, 24, 29

Fed. R. Civ. P. 15(a)(2) ........................................................................ 20, 24

Fed. R. Civ. P. 60 ........................................................................ 21, 24, 28, 30, 33

4

Fed. R. Civ. P. 60(b) ...............................................................20, 21, 27, 28

Ohio App.R. 4(a)(1)(A) .....................................................................19, 23

## DISCLOSURE OF CORPORATE
## AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to 6 Cir. R. 26.1, Appellees University Hospitals Health System, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") make the following disclosures:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation that owns 10% or more of its stock?

     No.

     If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

     N/A.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

     No.

     If the answer is YES, list below the identity of such corporation and the nature of the financial interest:

     N/A.

## STATEMENT OF ORAL ARGUMENT

Appellees University Hospitals Health Systems, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") (UHHS and UHCMC are collectively, "Appellees") do not believe that oral argument is necessary or helpful for this Court to determine the merits of Appellant John Koe's ("Appellant") appeal (the "Appeal").

## I.    STATEMENT OF JURISDICTION

This appeal arises from two final judgments issued by the United States District Court for the Northern District of Ohio. This Court has jurisdiction under 28 U.S.C. § 1291. On September 12, 2024, Judge Daniel Polster denied Appellant's Motion to Amend Caption and Motion for Relief. (RE at 23). On October 31, 2024, Judge Polster denied Appellant's Motion to Amend and Motion to Reopen/Reinstate. (Re at 26).

On December 2, 2024, Appellant filed a notice of appeal to the Sixth Circuit Court of Appeals. (RE at 27).

## II.    STATEMENT OF ISSUES

1.     Whether the Appeal is timely.

2.     Whether the District Court properly denied Appellant's September 11, 2024 Motion to Amend Caption (the "First Motion to Amend").

3.      Whether the District Court properly denied Appellant's September 11, 2024 Motion for Relief (the "Third Motion for Relief").

4.      Whether the District Court properly denied Appellant's October 30, 2024 Motion for Leave to File Amended Complaint (the "Second Motion to Amend").

5.      Whether the District Court properly denied Appellant's October 30, 2024 Motion to Reopen/Reinstate (the "Motion to Reopen").

## III.    **STATEMENT OF THE CASE**

Appellee UHCMC operates the Case Western Reserve University/University Hospitals Cleveland Medical Center Psychiatry Residency program.  Appellant is a former resident in the Residency Program.  Relevant to this matter, Appellant's UHCMC employment was terminated on April 23, 2021.

In the more than four years since Appellant was terminated, he has filed more than forty agency charges, amendments to those charges, and lawsuits against Appellants.  Every agency and tribunal to review the issue of Appellant's termination has concluded that the termination was lawful.  Despite this, Appellant continues to harass Appellants and Appellants' agents and employees through email, phone calls, and the filing of numerous charges and lawsuits – including a lawsuit filed in the Cuyahoga County Court of Common Pleas, which Appellant admits therein is the same lawsuit at issue in this appeal. *See Nicholas Krudy, MC v.*

8

*University Hospitals Health System, Inc.*, No. CV-25-112548. Based upon Appellant's frivolous conduct, UHCMC filed a declaratory action in the Northern District of Ohio (*See University Hospitals Cleveland Medical Center v. Nicholas Dr. Krudy, United States District Court for the Northern District of Ohio No. 1:25-cv-00339*) seeking to declare Appellant a vexatious litigator, and have filed a motion for summary judgment in the Cuyahoga County action aforementioned, similarly seeking to have the Common Pleas Court declare Appellant a vexatious litigator. Both issues remain pending

The instant appeal is no different than Appellant's many other frivolous filings. To be sure, Appellant's complaint in this matter (the "First Complaint") arises out of the termination of his employment from UHCMC's residency program. Appellant filed the First Complaint anonymously. Because Appellant failed to commence the First Complaint appropriately and failed to satisfy the standard to proceed anonymously, Appellees filed a motion to dismiss. On October 13, 2022, Judge Polster issued his order (the "October 2022 Order") granting Appellees' motion, and dismissing the First Complaint without prejudice. Recognizing that Appellant could not satisfy the anonymous standard, Judge Polster directed Appellant to refile his First Complaint within 14 days using his true name.

Rather than re-file his First Complaint, Appellant appealed the October 2022 Order and filed a second lawsuit in the United States District Court for the Northern

District of Ohio captioned *John Koe v. University Hospitals Health System, Inc.*, No.
1:24-cv-00024 (the "Second Lawsuit"). Like with the First Complaint, Appellant
filed the Second Lawsuit anonymously, despite the October 2022 Order. The
Second Complaint arises out of the same issues and claims as the First Complaint.
Judge Ruiz dismissed the Second Lawsuit in February, 2024. Importantly, Judge
Ruiz's dismissal was on the merits pursuant to *Apple v. Glenn,* 183 F.3d 477, 479
(6th Cir. 1999).

Following Judge Ruiz's dismissal, on March 8, 2024, this Court affirmed the
dismissal of Appellant's First Complaint, citing Rule 10(a) of the Federal Rules of
Civil Procedure (the "Appellate Order"). Accordingly, the First Complaint was
conclusively determined and concluded as of October 2022.

Despite the Appellate Order and the conclusion of this matter, Appellant filed
a series of motions in this case seeking to relitigate this matter. As recognized by
Judge Polster in his orders denying the motions, Appellant concedes in his motions
that his claims are time-barred. Accordingly, Appellant's frivolous motions are
nothing more than an attempt to circumvent the many orders of Judge Polster, Judge
Ruiz, and this Court, along with the relevant statutes of limitations.

To be sure, Appellant first filed the First Motion to Amend and the Third
Motion for Relief on September 11, 2024. The motions do little more than ask Judge
Polster to relitigate the First Complaint, citing prejudice to him despite this Court

affirming the dismissal. On September 12, 2024, Judge Polster issued his order (the "September 2024 Order"), denying both motions. Judge Polster correctly concluded in his September 2024 Order that this lawsuit had concluded, that Appellant did not have support to seek the relief sought in the motions.

Incredibly, Despite the September 2024 Order, Appellant filed a Second Motion to Amend and a Motion to Reopen mere weeks later. These motions also sought to amend the First Complaint and to reopen the matter on the same grounds argued in the previously denied motions. On October 31, 2024, Judge Polster issued his order (the "October 2024 Order") denying both motions. Judge Polster's October 2024 Order correctly cited the authorities and reasoning at issue in his many prior orders.

On December 2, 2024, Appellant appealed by the September 2024 Order and the October 2024 Order (the "Appeal").

Relevant to this brief, Appellant filed a *fourth* motion for relief from judgment, which was denied by Judge Polster on February 26, 2025. Appellant appealed that order, but this Court dismissed that appeal for want of prosecution on May 7, 2025. *See Koe v. University Hospitals Health System, Inc et al.*, No. 25-3196 (the "Dismissed Appeal"). Accordingly, the only issues on appeal are set forth in the Appeal.

Based on the arguments and authorities herein, the September 2024 Order and October 2024 Order should be affirmed and this matter remain concluded.

**A.     This Court Affirmed Judge Polster's Dismissal Of Appellant's Complaint, And This Matter Has Been Closed Since May, 2024.**

On August 15, 2022, Appellant filed the First Lawsuit in this same Court. (Complaint for Employment Discrimination (hereinafter "First Complaint"). The First Complaint in the First Lawsuit was filed anonymously under the pseudonym John Koe. (*See* First Lawsuit at First Complaint at pg. 1, RE at 1, PageID # 1). Appellant did not seek approval from the Court to file the First Complaint anonymously (*See generally*, the First Lawsuit at First Complaint, RE at 1). The defendants in the First Lawsuit are UHHS and UHCMC. (*See* First Lawsuit at First Complaint at pg. 2, RE at 1, PageID # 2).

The First Lawsuit asserts claims under Title VII, the ADA, and the Genetic Information Nondiscrimination Act of 2008. (*See* First Lawsuit at First Complaint at pg. 3, RE at 1, PageID # 3). The claims arise out of UHCMC's residency program. (*See* First Lawsuit at First Complaint at pg. 6, RE at 1, PageID # 6). Appellant started in the residency program on June 20, 2019. (*See* First Lawsuit at First Complaint at pg. 7, RE at 1, PageID # 7). On April 23, 2021, Appellant was terminated from the residency program. (*See* First Lawsuit at First Complaint at pg. 9, RE at 1, PageID # 9). Since the discharge, the First Complaint alleges that

Appellant has continued to suffer from retaliation. (*See* First Lawsuit at First Complaint at 11, RE at 1, PageID # 11).

On October 13, 2022, District Judge Polster issued his October 2022 Order, dismissing the First Lawsuit without prejudice to be refiled with a complaint identifying Appellant. (RE at 7, PageID # 96-101). Specifically, Judge Polster ordered Appellant to refile his complaint using his true name should he desire to continue with his claims:

> "[i]f Plaintiff wished to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself."

(RE at 7, PageID # 101).

Rather than refile an amended complaint identifying himself, Appellant elected to appeal the October 2022 Order 9 (the "First Appeal"). (RE at 11, PageID # 127-128).

On March 8, 2024, this Court affirmed the October 2022 Order with respect to the dismissal of the First Lawsuit. (*See John Koe v. University Hospitals Health Systems, Inc., et al.*, No. 22-3952 (the "Polster Appeal") at ECF # 40 (the "Appellate Order"). In the Appellate Order, this Court confirmed that Appellant's First Complaint was properly dismissed because Appellant failed to satisfy the requirements of Fed. Civ. R. 10(a) and failed to satisfy the requirements to proceed anonymously. (Appellate Order at 5).

13

**B.** **Months Following This Order, Appellant Filed Several Frivolous And Duplicative Motions Seeking To Reopen This Case, Knowing That His Claims Were Time-Barred.**

Relevant to this matter, rather than re-file his First Complaint using his true name following the October 2022 Order, Appellant filed the First Appeal and filed the Second Complaint. (RE at 11, PageID # 127-128; *see also* Second Lawsuit at ECF # 1). The Second Complaint asserts the same claims against the same Defendants. (*See* Second Lawsuit at Second Complaint, ECF # 1). Indeed, the Second Complaint asserts claims for discrimination arising out of his former employment by UHCMC. (*See* Second Lawsuit at Second Complaint, ECF # 1).

On February 23, 2024, Judge Ruiz dismissed the Second Complaint on the grounds of res judicata. (*See* Second Lawsuit at ECF # 6). Importantly, Judge Ruiz's dismissal was on the merits pursuant to *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999). (*See* Second Lawsuit at ECF # 6). Appellant filed an appeal with the Sixth Circuit, and that appeal is currently pending. (*See* Second Appeal).

However, understanding that his claims were now certainly time-barred due to this Court's Appellate Order and Judge Ruiz's dismissal, Appellant filed a series of motions with the District Court in this case seeking to circumvent this Court's Appellate Order. (*See* RE at 19, 21, 22, 24, 25, and 28).

The first motion was filed within weeks of this Court issuing its mandate affirming this Court's Appellate Order. (*See* RE at 19, PageID # 150-152). Although

this motion is not at issue in this appeal, it is instructive of Appellant's frivolous conduct. The first motion requested leave to file a motion for relief from judgment with respect to Judge Polster's October 2022 Order. (RE at 19, PageID # 150-152). Judge Polster properly denied that motion. (RE at 20, PageID # 153).

Despite this, on September 11, 2024, Appellant filed the First Motion to Amend and the Second Motion for Relief. (RE at 21, Page# 154-155 and RE at 22, PageID # 156-159). The First Motion to Amend sought to amend the caption of the dismissed First Complaint to include Appellant's true name, Nicholas Krudy. (RE at 21, PageID # 154-155). The Second Motion for Relief sought relief from Judge Polster's May 2024 denial of the first motion for relief from judgment, arguing that Judge Polster's order was based upon "a mistaken assumption that Plaintiff will only prosecute this action if he is allowed to do so anonymously, i.e. under a pseudonym.'" (RE at 22, PageID # 156-159). However, Appellant concedes in the Second Motion for Relief that Judge Polster's October 2022 Order bound him to file a new complaint, yet Appellant elected not to do so:

> "Plaintiff understands that the Court has said 'Plaintiff is permitted to re-file his claims, but he may not do so anonymously.' However, Plaintiff has been unable to determine what precise steps are required to continue this case."

(RE at 22, PageID # 158).

On September 12, 2024, Judge Polster issued his September 2024 Order, denying both the First Motion to Amend and the Second Motion for Relief. (RE at 23, PageID 160-161). Judge Polster first reiterated that the First Complaint was properly dismissed, as confirmed by this Court, and explained that the Second Motion for Relief was untimely:

> "His original complant was dismissed appropriately under Fed. R. Civ. P. 10(a), and Plaintiff was instructed to reopen his case with his real name. He chose not to do so and appealed the Court's ruling. His failure to follow the Court's instructions is not an appropriate basis for vacating the Court's prior order. Plaintiff's motion for relief is also untimely as it was required to be made within a year after the order."

(RE at 23, PageID # 161).

As to Appellant's concern that his claims were untimely, Judge Polster explained that those issues were not proper for the already-dismissed First Complaint:

> "As has been previously stated, Plaintiff's claims were dismissed _without prejudice_. He is not barred (by the Court's October 2022 order) from filing his claims using his real name. Thus, it is not necessary for this Court to 'relieve' Plaintiff from its prior order (which was affirmed on appeal). The Court acknowledges that Plaintiff has a concern that his new case will not 'relate back' to his original filing of August 15, 2022. However, that question – whether Plaintiff properly commended a lawsuit in August 2022 to which a new filing might relate – is an issue to be addressed in Plaintiff's newly filed lawsuit, not by granting relief to this Court's October 2022 Order."

16

(RE at 23, PageID # 161).

Despite Judge Polster's September 2024 Order, Appellant filed two more motions seeking to continue the dismissed First Complaint. (RE at 24, PageID # 162-165 and RE at 25, PageID # 166-169).  On October 30, 2024, Appellant filed the Second Motion to Amend, seeking leave from this Court to file an amended complaint. (RE at 24, PageID # 162-165).  The Second Motion to Amend does not identify the grounds, basis, or justification for amending the First Complaint. (RE at 24, PageID # 162-165).

Simultaneous with the filing of the Second Motion to Amend, Appellant filed the Motion to Reopen. (RE at 25, PageID # 166-169).  The Motion to Reopen reiterates the arguments relayed by Appellant in the Second Motion to Amend. (RE at 25, PageID # 166-169).

On October 31, 2024, Judge Polster issued his October 2024 Order denying the Second Motion to Amend and the Motion to Reopen. (ECF # 26, PageID # 170).  In the October 2024 Order, Judge Polster reiterated his reasonings set forth in the September 2024 Order:

> "This case has been closed for over two years, and the Court has already denied prior attempts by Plaintiff to re-open it.  As already ordered, Plaintiff must file his claims in a new lawsuit using his real name.  Whether Plaintiff's claims relate back to his initial filing will be determined if and when Plaintiff commenced a new case."

(RE at 26, PageID # 170).

17

Incredibly, Appellant filed a *third* motion for relief from judgment, seeking to have Judge Polster reconsider his October 2024 Order. (RE at 28, PageID # 173-198). On February 26, 2025 Judge Polster denied the motion. (RE at 29).

## C.    The Appeal And Appellant's Brief.

Appellant filed his Appeal on December 2, 2024. (RE at 27, PageID # 171-172). Although the Appeal appears to raise issues with multiple "earlier related orders," the Appellant Brief confirms that the only two issues in the Appeal are the September 2024 Order and the October 2024 Order. (RE at 27, PageID # 171-172; *see generally* Appellant Brief).

As to the Appellant Brief, Appellant raises a variety of arguments that misstate the law and facts at issue in this matter. (*See generally*, Appellant Brief). Specifically, Appellant twists this Court's Appellant Order as somehow permitting him to subsequently reopen and proceed with the First Complaint:

> "The Sixth Circuit's decision affirmed only the 'dismissal of the complaint without prejudice' to refiling, not the involuntary dismissal of this action."

(Appellant Brief at 2-3).

Despite Appellant's frivolous contention, this Court's Appellate Order affirmed Judge Polster's dismissal, further confirmed that dismissal under Fed. R. Civ. P. 10(a) was appropriate, and then issued a mandate to the District Court to execute the Appellate Order confirming the dismissal. (RE at 18, PageID # 149).

18

Appellant further argues that this Court's determination that Judge Polster's decision to dismiss for lack of subject matter was "harmless error", somehow applies to and supports his various motions at issue in the Appeal:

> "Essential to the decision to affirm the dismissal of the complaint (only) was that was said to be 'harmless error' under 28 U.S.C. § 2111 in that it had no 'effect on the substantial rights of the parties.' The district court's decision refusing to re-open the action and permit the filing of an amended complaint carries harm and effect on the rights of parties…"

(Appellant Brief at 3).

Appellant further argues that Rule 15 of the Federal Rules somehow supports the reopening and amending of the First Complaint. (Appellant's Brief at 3-5).

Finally, as to the Second Motion for Relief and Motion to Reopen, Appellant argues that the September 2024 Order and October 2024 Order were improper because they were issued *sua sponte* and because the District Court allegedly has jurisdiction over his claims. (Appellant Brief at 5-6).

## IV.    <u>SUMMARY OF THE ARGUMENT</u>

Appellate Rule 4(a)(1)(A) provides than an appeal must be filed within 30 days of the entry of judgment or order appealed from. Importantly, the failure to timely file an appeal is a jurisdictional defect that divests the appellate court of jurisdiction to hear the appeal. *See McKeever v. Mortgage Electronic Registration Systems, Inc.*, 651 Fed. Appx. 329, 331-32 (6th Cir. 2016).

Here, the Appeal was filed more than 30 days after both the September 2024 Order and the October 2024 Order. Accordingly, the Appeal is untimely and the September 2024 Order and October 2024 Orders must be affirmed.

As to the merits, with respect to Appellant's First Motion to Amend and Second Motion to Amend, Rule 15(a)(2) provides that leave may be granted only with the opposing party's consent or upon leave of court and only if justice requires. Leave may be denied for undue delay, lack of notice to defendant, bad faith, repeated failure to cure in prior amendments, prejudice to the opposing party, and futility of the amendments. *See Thompson v. Esham*, No. 1:15-cv-553, 2018 WL 1531928, *1 (S.D. Ohio Feb. 6, 2018).

Appellant cannot satisfy any of the factors to support granting leave to amend the long-dismissed First Complaint. Indeed, Appellant's many frivolous filings leave no doubt that his motions are in bad faith. Appellant's amendments are futile and, importantly, severe injustive would result to Appellees should Appellant be permitted to reopen this matter and amend his First Complaint. Finally, Judge Ruiz dismissed issued a ruling on the merits with respect to the claims in the First Complaint when he dismissed the Second Complaint on the merits. Thus, any amendment is futile because the claims are barred by res judicata. Accordingly, Judge Polster did not abuse his discretion in denying the First Motion to Amend or the Second Motion to Amend.

As to the Third Motion for Relief and the Motion to Reopen, courts within this Circuit apply the factors relevant to Rule 60(b) motions when considering these issues.   Fed. R. Civ. P. 60(b) provides grounds for relief from a final judgment for several delineated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

None of these grounds exist to provide Appellant relief from this Court's Order dismissing the Second Lawsuit.

Here, the Second Motion for Relief did not raise any new arguments, facts, mistakes – or any other reason relevant to Rule 60 – that supported relieving Appellant from the October 2022 Order.  Indeed, Appellant concedes in the Second Motion for Relief that Judge Polster's October 2022 Order bound him to file a new complaint, yet Appellant elected not to do so.  Accordingly, Judge Polster likewise did not abuse his discretion in denying the Third Motion for Relief and Motion to Reopen.

Therefore, the September 2024 Order and October 2024 Order should be affirmed, and this matter remain concluded.

## V.    __ARGUMENT__

### A.    __Standard Of Review.__

Appellant does not address or otherwise apply a standard of review in the Appellant Brief.  Appellant raises several different issues all with different standards of review.

As to the Motion to Reopen, this Court applies an abuse of discretion standard. *See Taylor v. Nashville Glass Plant-Ford Visteon,* No. 3:02-cv-0289, 2006 WL 2368737, *2 (M.D. Tenn. Aug. 14, 2006) (motions to reopen left to the discretion of the trial court); see also Kinan v. Cohen, 268 F.3d 27 (1st Cir. 2001).  Likewise, this Court applies the abuse of discretion standard to the denial of a motion for leave to amend a complaint. *See Hill v. Banks*, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  Finally, the abuse of discretion standard also applies to a motion for relief from judgment. *See Flick v. U.S. Bureau of Prisons*, 779 F.2d 50 (6th Cir. 1985).

A district court's order will be reversed under the abuse of discretion standard *only* if the appellate court finds that the district court relied upon clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 640. (6th Cir. 2018).

Here, Judge Polster did not abuse his discretion in issuing the September 2024 Order or October 2024 Order.

**B.**    <u>The Appeal Is Untimely.</u>

Appellate Rule 4(a)(1)(A) provides than an appeal must be filed within 30 days of the entry of judgment or order appealed from. Importantly, the failure to timely file an appeal is a jurisdictional defect that divests the appellate court of jurisdiction to hear the appeal. *See McKeever v. Mortgage Electronic Registration Systems, Inc.*, 651 Fed. Appx. 329, 331-32 (6th Cir. 2016). "Rule 4's deadlines for filing are jurisdictional, and a party's failure to abide by them may therefore be raised at anytime while the appeal is pending."

Here, the September 2024 Order was issued on September 12, 2024. The October 2024 Order was issued on October 31, 2024. The Appeal was not filed until December 2, 2024 – 81 days after the September 2024 Appeal and 32 days after the October 2024 Appeal. Accordingly, the Appeal is untimely, this Court lacks jurisdiction to hear the Appeal, and the September 2024 Order and October 2024 Order must be affirmed and this matter remain concluded.

**C.**    <u>The Appeal Also Fails On The Merits.</u>

Assuming, *arguendo*, that the Appeal is not untimely – which it is – the Appeal also fails on the merits.

**1.**    **The September 2024 Order Was Proper.**

The September 2024 Order addressed two issues at issue in this Appeal: the First Motion to Amend and the Second Motion for Relief.

As an initial matter, as properly recognized by Judge Polster in the September 2024 Order and confirmed by this Court in the Appellate Order, this case was properly dismissed in October 2022. Accordingly, there was nothing to amend or relief Appellate from – the First Complaint was filed without prejudice and Appellant could have filed a new complaint. Accordingly, the September 2024 Order was proper.

Moreover, even when analyzing the September 2024 pursuant to the Rule 15 and Rule 60 standards, it is nonetheless proper.

### a.    The Motion To Amend Was Properly Denied.

As to Rule 15, Rule 15(a)(2) provides that leave may be granted only with the opposing party's consent or upon leave of court and only if justice requires. Leave may be denied for undue delay, lack of notice to defendant, bad faith, repeated failure to cure in prior amendments, prejudice to the opposing party, and futility of the amendments. *See Thompson v. Esham*, No. 1:15-cv-553, 2018 WL 1531928, *1 (S.D. Ohio Feb. 6, 2018).

Here, denial of the First Motion for Leave was appropriate for several grounds. First, assuming Appellant had any right to amend the dismissed First Complaint – which he did not – he waited many months following this Court's Appellate Order to do so. Additionally, Appellant's litigation history and repeated motions seeking to perform the same actions previously denied by courts prove that

Appellant has acted in bad faith.  Additionally, Appellant had failed to remedy the deficiency in the First Complaint when Judge Polster ordered him to refile within 14 days, and any amendment would thereafter be futile by virtue of the October 2022 Order and the Appellate Order.

Indeed, Judge Ruiz dismissed the Second Complaint on the merits pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Importantly, a dismissal pursuant to *Apple* is on the merits.  To be sure, a dismissal pursuant to *Apple* is necessarily on the merits because, in so dismissing, the court makes a determination that the claims are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 476 (6th Cir. 1999); *see also Demsey v. Demsey*, No. 1:09-cv-503, 2010 WL 2010963, n. 2 (a dismissal pursuant to *Apple* is on the merits).

Assuming, *arguendo*, that an *Apple* dismissal is not on the merits – which it is – the Sixth Circuit Court of Appeals in *Argo Wealth Management, Inc. v. Brenner, et al.*, No. 23-3585, 2024 WL 5321250 (6th Cir. Aug. 6, 2024) leaves no doubt that Judge Ruiz's dismissal of Appellant's claims arising out of his former employment with UHCMC was on the merits.

At issue in *Argo Wealth Management*, was the plaintiff's refiling of his claims pursuant to the Ohio Savings Statute following the district court's dismissal of those claims without prejudice.  *Id.* at *1-3.  Although the plaintiff in *Argo Wealth*

*Management*, refiled his claims within one year of the dismissal, the Sixth Circuit Court of Appeals determined that the claims were not subject to the Ohio Savings Statute because the underlying claims were not filed within the statute of limitations applicable to those claims. *Id.* at *2-3. Specifically, the Sixth Circuit Court of Appeals found that, although the prior dismissal was without prejudice, the failure to commence the claims in a later lawsuit within the applicable statute of limitations rendered the claims to be a dismissal on the merits, thereby barring the applicability of the Ohio Savings Statute:

> "The district court concluded that the savings statute did not apply in this case, even though it dismissed the plaintiffs' first complaint for failure to prosecute. The court reasoned that even though its prior dismissal was without prejudice, it had the effect of a dismissal on the merits because the statute of limitations barred the claims at the time it entered its judgment."

*Id.* at * 3.

Here, the statute of limitations for Appellant's Title VII and ADA claims had exhausted by the time of Judge Ruiz's February 2024 Order. *See* 42 U.S.C. § 2000e-5(f) and 42 U.S.C.A. § 12117(a). As to Appellant's state law claims pursuant to O.R.C. § 4112, *et seq.*, they are subject to a two-year statute of limitations. O.R.C. § 4112.052(C)(1). Appellant was terminated from UHCMC in April, 2021. Accordingly, the statute of limitations for these claims expired in April, 2023. Thus, any claims arising out of Appellant's former employment with UHCMC and his

discharge therefrom were dismissed on the merits by Judge Ruiz in his February, 2024 order. Thus, the Second Complaint was dismissed on the merits. Because of this, granting Appellant leave to amend his First Complaint is certainly futile because the claims in the First Complaint are necessarily barred by res judicata. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Finally, Appellees would be severely prejudiced if Appellant were permitted to reopen this closed case and amend the First Complaint.

Appellees de not consent to providing Appellant with leave to amend the First Complaint. Furthermore, as set forth above, the First Complaint was dismissed without prejudice and this Court affirmed the dismissal. Appellant was free to file a new complaint – there is no injustice to denying Appellant's request. Appellant purposely declined to file a new complaint because he concedes that his claims would be time-barred. Accordingly, justice did not require that Appellant's First Complaint be amended and, therefore, Judge Polster's decision was proper.

### b.   The Second Motion For Relief Was Properly Denied.

As to the Second Motion for Relief, to seek Rule 60(b) relief during the pendency of an appeal, the "proper procedure is for [a laintiff] to file his motion in the district court. If that court indicates that it will grant the motion, the Plaintiff should then make a motion in [the] court [of appeals] for a remand of the case in

order that the district court may grant the motion." *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005).

Fed. R. Civ. P. 60(b) provides grounds for relief from a final judgment for several delineated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

None of these grounds exist to provide Appellant relief from this Court's Order dismissing the Second Lawsuit.

Here, the Second Motion for Relief did not raise any new arguments, facts, mistakes – or any other reason relevant to Rule 60 – that supported relieving Appellant from the October 2022 Order.  Indeed, Appellant concedes in the Second Motion for Relief that Judge Polster's October 2022 Order bound him to file a new complaint, yet Appellant elected not to do so:

> "Plaintiff understands that the Court has said 'Plaintiff is permitted to re-file his claims, but he may not do so anonymously.'  However, Plaintiff has been unable to determine what precise steps are required to continue this case."

(RE at 22).

Judge Polster's October 2022 Order, however, was clear – the First Complaint was dismissed and Appellant was to file a new complaint using his true name.  Most important, Judge Polster's October 2022 Order dismissing the First Complaint was correct, as affirmed by this Court.  Accordingly, Judge Polster did not abuse his discretion in denying the First Motion to Amend and the Second Motion for Relief.

### 2.    The October 2024 Order Was Proper.

The Appeal raises two issues with respect to the October 2024 Order – the Second Motion to Amend and the Motion to reopen.  The October 2024 likewise should be affirmed because Judge Polster did not abuse his discretion in denying these motions.

As to the Second Motion to Amend, it did not contain any new reasoning, justification, facts, or law to support amending the First Complaint.  As set forth above, Appellant cannot satisfy the Rule 15 requirements for leave to amend the dismissed First Complaint.   Indeed, leave to amend would be futile because Appellant's claims in the First Complaint are barred by res judicata due to Judge Ruiz's dismissal on the merits pursuant to *Apple v. Glenn*, 183 F.3d 477, 476 (6th Cir. 1999).  Accordingly, Judge Polster did not abuse his discretion in denying this motion.

### a. The Motion To Reopen Was Properly Denied.

As to the Motion to Reopen, the decision as to whether to reopen a case is within the discretion of the trial court. *See Taylir v. Nashville Glass Plant-Ford Visteon,* No. 3:02-cv-0289, 2006 WL 2368737, *2 (M.D. Tenn. Aug. 14, 2006) (motions to reopen left to the discretion of the trial court); *see also Kinan v. Cohen,* 268 F.3d 27 (1st Cir. 2001).  Courts within this Circuit construe motions to reopen as motions for relief from judgment under Rule 60. *See Hendricks v. Kasich*, No. 2:12-cv-729, 2016 WL 1019259, *2 (S.D. Ohio Mar. 15, 2016); *see also Kalamazoo River Study Group v. Rockwell Intern. Corp.,* 355 F.3d 574, 587 (6th Cir. 2004). Accordingly, the factors addressed above are relevant to this analysis; namely:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Like with the Second Motion for Relief, Appellant cannot satisfy the Rule 60 standards with respect to his Motion to Reopen.  Judge Polster's October 2022 Order was correct, as affirmed by this Court.  Appellant provides no new evidence, laws, fraud, or other reason to justify application of Rule 60 with respect to the October 2024 Order.  Accordingly, Judge Polster did not abuse his discretion in denying the Motion to Reopen.

### D.    The Dismissed Appeal Is Not At Issue.

As set forth above, the Dismissed Appeal is not at issue in this Appeal.  At issue in the Dismissed Appeal was Judge Polster's February 26, 2025 order dismissing Appellant's ***fourth*** motion for relief from judgment. (RE at 28, PageID # 173-198 and RE at 29, Page ID # 199).  The fourth motion for relief from judgment sought relief from Judge Polster's October 2024 Order. (RE at 28, PageID # 173-198).

This Court dismissed the Dismissed Appeal on May 7, 2025 for want of prosecution.  Further leaving no doubt that the Dismissed Appeal is not at issue, Appellant filed the Dismissed Appeal on March 18, 2025 – one day prior to the deadline for him to file the Appellant Brief.  Appellant sought to extend the deadline for his Appellant Brief by one-day for an alleged "internet connectivity" issue.  Had Appellant believed that this Appeal encompassed the Dismissed Appeal, he certainly would have extended his Appellant Brief to permit this Court to set a briefing schedule that accommodated the Dismissed Appeal.  Appellant, however, did not.

Appellant's actions at that time and his motion to extend are now clear – Appellant extended his Appellant brief to provide him with one additional day to quickly include argument relevant to the separate, Dismissed Appeal, knowing that he would not pay the filing fee and that the Dismissed Appeal would be dismissed by this Court.  Indeed, even though the Dismissed Appeal was dismissed by this

31

Court weeks ago, Appellant waited until the eve for Appellant to file its brief in order to file a motion seeking clarification on the Dismissed Appeal and asserting his position. Appellant filed this motion for the simple reason – to be able to tell this Court and Appellant that he notified both of his position on the appeal prior to Appellee filings its brief so that he could take the position that Appellee had a fair opportunity to respond to this issue. Appellant's actions are frivolous.

Moreover, Appellant does not present any argument with respect to RE 29 in his Appellant Brief or otherwise state that he believes that it is part of his Appeal. In fact, the only reference to RE 29 in his Appellant Brief is to express his belief that he believes the September 2024 Order and October 2024 Order were final, appealable orders:

> "An amended notice of appeal was filed on March 18, 2025 to include the district court's denial of a motion to reconsider that decision with the benefit of Krudy's proposed amended complaint…These orders of the district court leave no doubt that they are final."

(Appellant Brief at 2).

Incredibly, Appellant now reverses course in his May 20, 2025 motion, now claiming that the orders issued by the District Court may not have been final and appealable:

> "Appellant respectfully clarifies that his intent was to ensure completeness of appellate jurisdiction within the scope of the existing appeal, Case No. 24-4035, rather than to initiate a separate or duplicative appeal.

> Appellant did not interpret the indicative ruling issued
> while this appeal was pending as a new, final appealable
> order."

(May 20, 2025 motion at 2).

Accordingly, Appellant's conduct in prosecuting this Appeal has been frivolous.

Finally, assuming the Dismissed Appeal is properly before this Court – which it is not – it raises the same arguments concerning relief from judgment that were raised in the Third Motion for Relief and the Motion to Reopen. Appellant cannot satisfy the Rule 60 requirements with respect to these issues for the same reasons cited above. Accordingly, the Dismissed Appeal should be affirmed, assuming it is even at issue in this Appeal

## VI.  <u>CONCLUSION</u>

Based on the above-cited arguments and authorities, Appellant's Appeal should be dismissed. First, the Appeal is untimely. Second, the Appeal takes issue with Judge Polster's October 2022 Order dismissing the First Complaint, which was confirmed by this Court. No justification exists for granting the relief sought in the Appeal. Accordingly, the September 2024 Order and October 2024 Order should be affirmed and this matter should remain concluded.

Respectfully submitted,

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East
Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dcampbell@grsm.com
dslezak@grsm.com
*Attorneys for Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure and 6 Cir. R. 31(g)(1) and 6. Cir. R. 32 (a), the undersigned counsel, relying on the word count of the word-processing system used to prepare this document, certified that the foregoing complies with the word count issued by this Court's briefing schedule. Section I through Section VI of this Brief contain 6206 words.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Appellees*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 21st day of May, 2025, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon *Pro Se* Appellant John Koe via email at john@johnkoe.org and via regular U.S. mail to John Koe, P.O. Box 527, Novelty, OH 44072.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Appellees*

# ADDENDUM: DESIGNATION OF DOCUMENTS

Complaint: RE 1, PageID # 1- 17

October 13, 2022 Memorandum Opinion and Order: RE 7, PageID # 96-101

November 14, 2022 Notice of Appeal: RE at 11, PageID 127-128

May 14, 2024 Mandate: RE at 18, PageID # 149

May 28, 2024 Leave for Motion for Relief from Judgment: RE at 19, PageID # 150-152

May 30, 2024 Order: RE at 20, PageID # 153

September 11, 2024 Motion to Amend Caption: RE at 21, PageID # 154-155

September 11, 2024 Motion for Relief: RE at 22, PageID # 156-159

September 12, 2024 Order: RE 23, PageID # 160-161

October 30, 2024 Motion for Leave to Amend: RE at 24, PageID # 162-165

October 30, 2024 Motion to Reopen/Reinstate: RE at  25, PageID # 166-169

October 31, 2024 Order: RE 26, PageID # 170

Notice of Appeal: RE at 27, PageID # 171-172

February 25, 2025 Motion for Relief: RE at 28, PageID # 173- 198

February 26, 2025 Order: RE at 29, PageID # 199