NOT RECOMMENDED FOR PUBLICATION

No. 24-4035

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 1, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JOHN KOE, a pseudonym, aka Nicholas Krudy, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, | ) | THE NORTHERN DISTRICT OF |
| INC.; UNIVERSITY HOSPITALS CLEVELAND | ) | OHIO |
| MEDICAL CENTER, | ) | |
| | ) | |
|     Defendants-Appellees. | ) | |

O R D E R

Before: SUTTON, Chief Judge; NORRIS and SILER, Circuit Judges.

Pro se Ohio plaintiff John Koe, aka Nicholas Krudy, appeals the district court's order denying his motions for relief from the judgment and to amend his complaint. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). We affirm the district court's order for the reasons below.

In 2022, Krudy, proceeding under the pseudonym "John Koe," filed a federal employment discrimination complaint against his former employers, University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center. The district court denied Krudy leave to proceed anonymously and dismissed his complaint without prejudice. The court allowed Krudy to reopen the case by filing an amended complaint in his real name within 14 days. Instead of filing an amended complaint, Krudy appealed. We affirmed, concluding that Krudy had not overcome the presumption in favor of open judicial proceedings. *See Koe v. Univ. Hosp. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *2-3 (6th Cir. Mar. 8, 2024), *reh'g en banc denied*,

No. 22-3952 (6th Cir. May 3, 2024). We remanded the case to the district court for the limited purpose of vacating an improvidently issued protective order. *See id.* at *3-4.

On May 28, 2024, Krudy, still attempting to proceed anonymously, moved the district court for relief from the judgment dismissing his complaint under Federal Rule of Civil Procedure 60(b). The district court denied the motion on May 30, 2024. Krudy did not appeal.

On September 11, 2024, Krudy, now using his real name, moved the district court for relief from the judgment dismissing his complaint, to reopen the case, and to amend the caption of his complaint to reflect his real name. The district court denied these motions the next day, concluding that the motions were both untimely and meritless. The court advised Krudy that he had to file his claims in a new lawsuit under his real name. Krudy did not appeal this order, either.

Instead, on October 30, 2024, Krudy moved for leave to amend his complaint under Federal Rule of Civil Procedure 15 and to reopen his case under Federal Rule of Civil Procedure 60(b)(4) and (6). The district court denied both motions the next day and once again told Krudy that he had to bring his claims in a new action.

On December 2, 2024, Krudy filed a notice of appeal that seeks appellate review of the district court's September 12, 2024, and October 31, 2024, orders denying his motions to reopen and to amend his complaint and/or the case caption.

Initially, we conclude that we lack jurisdiction to review the district court's September 2024 order denying Krudy's motions to reopen and to amend. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 550 (6th Cir. 2015) (noting that this court must sua sponte consider its appellate jurisdiction). Under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Compliance with this time limit is mandatory and jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). And Krudy did not file his notice of appeal until nearly three months after the district court denied these two motions. Consequently, we lack jurisdiction to review this order.

Krudy's notice of appeal was timely as to the district court's denial of his October 2024 motions to amend and to reopen, however. Krudy sought relief from the district court's judgment dismissing his complaint under Rule 60(b)(4) and (b)(6).

Rule 60(b)(4) permits relief from a void judgment. We review a district court's order denying relief under Rule 60(b)(4) de novo. *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 939 (6th Cir. 2013). Under Rule 60(b)(4), a judgment is void only if the district court lacked jurisdiction over the subject matter or parties, or if it violated the movant's right to notice and an opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011). The district court's judgment dismissing Krudy's complaint was not void because the court had jurisdiction over both the subject matter and the parties. And we concluded in Krudy's first appeal that the district court did not violate Krudy's due process rights. *See Koe*, 2024 WL 1048184, at *3. Accordingly, Rule 60(b)(4) did not provide Krudy relief from the judgment.

Rule 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Rule 60(b)(6) represents "a catchall provision" providing "relief from a final judgment for any reason justifying relief not captured in the other provisions." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015). Thus, a court may grant a Rule 60(b)(6) motion "only in exceptional or extraordinary circumstances where principles of equity mandate relief." *Id.* at 697.

We review a district court's denial of a Rule 60(b)(6) motion for an abuse of discretion. *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018). "A district court abuses its discretion when it relies upon clearly erroneous factual findings, improperly applies the law, or uses an erroneous legal standard." *United States ex rel. Angelo v. Allstate Ins.*, 106 F.4th 441, 453 (6th Cir. 2024). Under this standard, we will not reverse a district court's order unless we are "left with a 'definite and firm conviction that the [district] court committed a clear error in judgment.'" *Id.* (quoting *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 510 (6th Cir. 2013)).

Krudy argues that the district court should grant him relief from the judgment because (1) it dismissed his complaint without prejudice and gave him leave to refile, and (2) a complaint in a

new action would not relate back to his original complaint, so his claims would be time-barred. But these are not extraordinary circumstances that justify granting Krudy relief from the district court's judgment. "The parties may not use a Rule 60(b) motion as a substitute for an appeal or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation modified). The problems that Krudy now faces in bringing his employment-discrimination claims against the defendants are entirely of his own making. The district court provided Krudy with an opportunity two years earlier to refile his claims under his own name, but he declined. Instead, he made a deliberate but ultimately unwise choice to appeal the district court's refusal to allow him to proceed anonymously. Equity does not demand granting Krudy relief from that decision. *See id.* Accordingly, the district court did not abuse its discretion in denying Krudy relief from the judgment dismissing his original complaint.

Because Krudy was not entitled to relief from the judgment, the district court did not abuse its discretion in denying him leave to amend his complaint. *See Linden v. City of Southfield*, 75 F.4th 597, 602 (6th Cir. 2023); *In re Ferro Corp. Derivative Lit.*, 511 F.3d 611, 624 (6th Cir. 2008).

For these reasons, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk